PRICE, Judge.
Allen C. Partner appealed the judgment rejecting his demands for damages sustained by him when his automobile was struck from the rear by a truck-tractor unit belonging to T. E. Mercer Trucking Company.
The accident happened during daylight hours at or near the intersection of Mansfield Road and Jewella in Shreveport. The dispute in this case is a factual disagreement as to the cause of the wreck. Partner contends that he was struck from the rear while either stopped in the inside lane for a stop signal light, or as he began to pull forward when the light changed to green.
Loyd Wright, the driver of the truck, contends he stopped for the red light in the inside lane. After pulling through the intersection on the change of signals, Wright testified the Partner car passed his truck in the outside lane, cut suddenly into his lane, *967 and made a sudden stop in his path to avoid a vehicle which was stopped for a left turn. Wright contends he applied brakes, but was unable to avoid colliding with the rear of the Partner automobile.
The trial judge found the accident was caused by the negligence of Partner. The court found contradictions in the testimony of Partner, his witnesses, and the report of the investigating police officer which showed the point of collision to be south of the intersection.
This is purely a factual matter, and as there is evidence to support both versions of the cause of the accident, this court should not disturb the trial court’s factual determination. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
There has been no misapplication by the trial judge of the jurisprudential rule that the driver of a vehicle which collides with the rear of another vehicle must overcome a presumption of negligence. Since the court believed the version of the accident related by Wright and corroborated by his wife who was driving a following automobile, sufficient evidence was presented to rebut the presumption of negligence.
The judgment is affirmed at appellant’s costs.